Hall, Judge.
 

 — It is altogether unnecessary to en quire. in this case, bow far Conns of Equity have gone, in carrying into effect written executory contracts, or varying them by parol evidence. Suffice it to say, that the reason why they have declined giving r'di-f in many aueli cases is, that the Plaintiff
 
 had a remedy at law.
 
 That reason is not applicable to executed contracts. la these cases, the Plaintiff'has no remedy at law 5 and unless a Court of Equity will give relitf, he can have no mb ess. For this reason, it is well settled, that a Court of Equity will reform a written executed contract like the present. And generally, where a clause is either inserted in a deed, or id omitted, through fraud or mistake, Equity will give relief. The authorities in support of Unu position, are collected in
 
 Newland on Contracts^ p.
 
 346, and
 
 Sugden’s Law of Vendors, p. 97.—
 
 The case of
 
 Gillespie
 
 &
 
 wife v. Moon
 
 (2
 
 Johns. Ch
 
 585) Is in point. There a deed was executed by mistake for two hundred and fiiiy acres of laud, wlvri it ought to have been for two hundred only. Parol evidence was let in to prove the mistake, although it was denied by the answer.. Upon the same subject, see
 
 Souverbye
 
 v.
 
 Arden
 
 (1
 
 Johns. Ch.
 
 240, 252)
 
 Getman
 
 v.
 
 Beardsly
 
 (2 John.
 
 Ch
 
 275) and
 
 Lyman
 
 v.
 
 United Ins. Co. (Do.
 
 630).
 

 His Honor then recapitulated the facts of the case; and proceeded
 

 Without recapitulating the testimony offered by the Plaintiffs in this case, it may be assumed as a iactr
 
 *382
 
 beyond rational doubt, that the courses of both tpacfs (lf jan(j9 instead of the one purchased of
 
 William .ñrnis,
 
 were, through fraud, or to say the least of it, thrmigh-mistuke, inserted in the deed to
 
 Bufferlow.
 
 It is to be regretted, that the courses of the other tract of land have not been set forth in the bill, or otherwise made to appear to the Court. A reconveyance of that land, to be made by the Defendant, cannot be, for that reason, decreed at this time. To ascertain them, let a commission issue to the County Surveyor, to make a survey of that land, and ascertain the boundaries, with directions for him to return a plot and survey of ir to the nest term of this
 
 Court.;
 
 unless in the mean time, the parties agree upon the boundaries of the tract of land, which was intended to have been conveyed, viz. the laud which
 
 Webb
 
 purchased of
 
 William Amis i
 
 and let tht costs of tiiis suit be paid by the Defendant.
 

 Per Curiam.
 

 — Decree accordingly.